## BJW Realty LLC v New York City Commn. on Human Rights

2025 NY Slip Op 32765(U)

August 8, 2025

Supreme Court, New York County

Docket Number: Index No. 156212/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** 11M |
| | *Justice* | |

-----------------------------------------------------------------------------X

BJW REALTY LLC,BJW ASSOCIATES LLC,BJW
MANAGING LLC,WINTER MANAGEMENT CORP.,
BENJAMIN J WINTER

Petitioner,

- v -

NEW YORK CITY COMMISSION ON HUMAN RIGHTS,
THE CITY OF NEW YORK,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156212/2025 |
| **MOTION DATE** | 05/14/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 36, 41, 43, 44, 45, 46, 62, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for             INJUNCTION/RESTRAINING ORDER             .

Upon the foregoing documents, the petition is granted in part and the cross-motion to enforce is granted in part.

## **Background**

### *The Schickel Building and the McKnight Complaint*

In the late nineteenth-century, the renowned architect William Schickel designed a building located at 111 5th Avenue in what is now known as the Ladies Mile Historic District (the "Property"). In 1982, the Winter family, through BJW Realty LLC (collectively with BJW Associates LLC, BJW Managing LLC, Winter Management Corp., and Benjamin J. Winter, the "Petitioners") bought the Property. Since 2005, a retail space on the ground floor, basement, and second-floor mezzanine has been leased to the clothing company H&M. Initially, the sole disability accessible entrance into this H&M was through the main lobby of the building (the "Lobby Entrance"). This entrance required H&M staff to open the door.

**156212/2025  BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS**          **Page 1 of 8**
**ET AL**
**Motion No.  001**

1 of 8

[* 1]

In 2019, the New York City Commission on Human Rights (the "Commission", collectively with the City of New York, "Respondents") received a complaint from Tracy McKnight. Ms. McKnight, who uses a wheelchair, was attempting to enter H&M through the Lobby Entrance. The entrance was locked, however, and H&M staff had failed to timely open the door on three occasions. She was eventually able to access the store thanks to Petitioners' lobby staff. The Commission initially served a verified complaint against H&M, and in the second complaint included Petitioners, as the building owners and managers. The matter was referred to OATH for a hearing. At the hearing in 2021, Judge Addison recommended that the entrance located at the corner of Fifth Avenue and 18th Street (the "Corner Entrance") be modified to add an external ramp. For reasons explained below, Petitioners decided to modify a different entrance to the H&M space.

Renovations were subsequently made to the third entrance on 18th Street (the "18th Street Entrance"). In April of 2025, the Commission adopted the recommendation in a Decision and Order, finding that Petitioners had violated the New York City Human Rights Law ("NYCHRL"). One of the holdings in the Decision and Order was that "[r]equiring patrons with disabilities to use a separate entrance from that of all other patrons, particularly one that is markedly different, constitutes a failure to provide full and equal enjoyment of a public accommodation on equal terms and conditions on its face." They also reasoned that under NYCHRL, the main entrance to a building must be made accessible unless there was undue hardship, or it was architecturally infeasible. The Decision and Order rejected the 18th Street Entrance as an acceptable entrance under NYCHRL. It also imposed a fine of $75,000 on H&M and a fine of $125,000 on Petitioners.

*The 18th Street Entrance and Historical Preservation*

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS   Page 2 of 8
ET AL
Motion No.  001**

2 of 8

Upon learning of the McKnight complaint, and before being named in the second complaint, Petitioners hired an architectural firm with experience in working with historic buildings ("BBB"), as well as the one of the country's leading accessibility experts, Douglas Anderson, in order to investigate the options to improve accessibility to the building. Guidance issued by the Landmarks Preservation Commission ("Landmarks") recommends that historical buildings avoid exterior ramps and to select an entrance that is closest to grade to install an accessible entrance. Petitioners consulted directly with Landmarks, who recommended that they renovate the 18th Street Entrance. Motivated by this discussion as well as a desire to preserve the building's historical façade, Petitioners decided to turn the 18th Street Entrance, which is twice as close to ground level as the Corner Entrance, into the new accessible entrance. The new entrance is flush with the sidewalk and opens directly into the center of the store and is the closest entrance to the nearby public transit options. Specific comments from Commission staff were incorporated into the final design, such as adding improved lighting and raising the ceiling. The design for the 18th Street Entrance was unanimously approved by Landmarks and the local Community Board. There have been no complaints to date about the 18th Street Entrance.

### *Petitioners and H&M Seek Review of the Decision and Order*

Petitioners filed this petition in May of 2025, seeking to annul and vacate the Decision and Order. Respondents have answered and pled a counterclaim for enforcement of the Decision and Order. They also cross-moved for dismissal of the petition and enforcement of the Decision and Order. H&M brought a separate action, Index No. 156584/2025. There, H&M seeks to vacate and annul the Decision and Order. The parties on both actions have stipulated to merge the two special proceedings. Amicus letters in favor of Petitioners have been filed in this proceeding by the Real Estate Board of New York, the New York Landmarks Conservancy, and

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS ET AL**
**Motion No.  001**

**Page 3 of 8**

3 of 8

[* 3]

the Historic Districts Council. For various reasons, they urge the Court to carefully consider the implications of upholding the Decision and Order and request that 18th Street Entrance be considered an appropriate accessible entrance.

## Standard of Review

Judicial review of orders by the City Commission on Human Rights are to be brought before the Supreme Court who has jurisdiction and "power to grant such relief as it deems just and proper." NYC Admin. Code § 8-123. These special proceedings are governed by CPLR Article 4. *1091 Riv. Ave. LLC v. Platinum Capital Partners, Inc.*, 82 A.D.3d 404, 404 [1st Dept. 2011]. To the extent that there are no triable issues of material fact, the supreme court is to "make a summary determination upon the pleadings, papers and admissions." CPLR § 409. Factual findings by the Commission are to be considered "conclusive if supported by substantial evidence on the record considered as a whole." NYC Admin. Code § 8-123(f). Unlike special proceedings brought pursuant to CPLR Article 78, CPLR Article 4 contains no statutory provision setting the standard of review as arbitrary and capricious. Article 4 special proceedings "should be adjudicated in the same manner as a summary judgment motion." *Matter of People v. Quality King Distribs., Inc.*, 209 A.D.3d 62, 74 [1st Dept. 2022].

## Discussion

As an initial matter, this petition is ripe for judicial review and a summary determination as there is no dispute as the material facts at issue here. The key dispute here is whether the renovation of the 18th Street Entrance satisfied the Petitioners' duties to provide an accessible entrance pursuant to the requirements in the New York City Human Rights Law ("HRL"). Or in other words, whether the Commission's holding that the HRL requires that a building's "main entrance" or "most inviting entrance" is the only permitted accessible entrance under the HRL is

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS**      **Page 4 of 8**
**ET AL**
**Motion No.  001**

4 of 8

a valid interpretation of the HRL. For the reasons that follow, the Court finds that such a reading is not required by the HRL. The Decision and Order will be vacated in part.

### *The 18th Street Entrance Satisfies the Requirements of the Human Rights Law*

The relevant provision of the NYC Administrative Code states that is it an unlawful discriminatory practice for a public accommodation to "refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation." NYC Admin. Code § 8-107(4)(1)(a). The HRL is to be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof." *Matter of Mutual Apts., Inc. v. New York City Commn. On Human Rights*, 203 A.D.3d 1154, 1157 [1st Dept. 2022]. The Decision and Order interpreted this provision as mandating that a building's "main entrance" or "most inviting entrance" be made fully accessible, and on that basis ordered Petitioners to renovate the Corner Street Entrance, finding that the 18th Street Entrance was not as inviting and therefore did not provide full and equal enjoyment for patrons. But the language of the statute does not lend itself to such an interpretation. The 18th Street Entrance is a reasonable accommodation that provides full and equal access to the store to patrons. It provides full enjoyment of the facilities to patrons on equal conditions as those of the Corner Street Entrance.

The Respondents' interpretation of the statute would essentially mean that all entrances to a building must be made fully accessible, as the term "most inviting" is far too subjective to provide clear direction otherwise. If the legislature wished to require that the main entrance or every entrance of a building to be made accessible, they would have drafted the statute to say that. H&M patrons are provided with full and equal access directly into the store through the

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS      Page 5 of 8
ET AL
Motion No.  001**

[* 5]

5 of 8

18th Street Entrance, and should they wish to peruse any specific merchandise display located near the Corner Entrance they have the full and equal opportunity to do so within the store. Mandating that all patrons be able to fully access the store from the same entrance is not encompassed in the language of the HRL.

Neither does the statute mandate that when there are multiple potential reasonable accommodations, the Commission's preference must be followed over all other alternatives. In *Jacobsen*, the Court of Appeals examined the HRL in the context of employment accommodations and determined that the statute places the burden on the employer to "show the unavailability of any safe and reasonable accommodation." *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 835 [2014]. Applying the same reasoning to building accommodations, if an owner can demonstrate that there is an accessible entrance that satisfies the HRL's requirements of full and equal enjoyment, then there are no grounds for the Commission to require that their preferred HRL-compliant entrance be used.

### *The Decision and Order Sets an Unworkable Precedent*

As stated above, the standard of "most inviting entrance" would create a subjective and unworkable precedent, should the Decision and Order be enforced in its entirety. Contrary to Respondents' arguments, the Decision and Order does in fact create a new rule, by holding that unless an accessible entrance is the "main" or "most inviting" entrance, it does not satisfy the requirements of the HRL. Under this rule, many buildings across the city are in violation of the HRL regardless of the state of their current accessible entrances, including the very building that this Court sits in. Furthermore, the standard of "most inviting" entrance is inherently subjective and will be difficult for building owners to comply with in advance of a finding from the

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS      Page 6 of 8
ET AL
Motion No.  001**

[* 6]

6 of 8

Commission as to their opinion on that building's layout and "grandeur", as the Commission's expert described the Corner Entrance.

### *The Civil Penalties Were Issued Within the Commission's Discretion*

As laid out above, the Decision and Order imposed fines upon both H&M and Petitioners. In this motion, Petitioners seek to vacate the Decision and Order in its entirety. The fines that were levied against Petitioners and H&M were based on factors such as the experiences of Ms. McKnight in her multiple attempts to enter the building and the fact that the parties were on notice since a 2015 federal lawsuit that the Lobby Entrance was unsatisfactory. Petitioners point to the fact that their staff were the ones who assisted Ms. McKnight so as to allow her access to the store. The Commission is entitled to issue civil penalties under NYC Admin. Code § 8-126(a).

H&M argues that the penalty was disproportionate and unfair. They cite to the lease terms and the Petitioner's control over the building. But the fines levied against H&M were clearly based in large part for their repeated failures to properly ensure that the Lobby Entrance was accessible to patrons, a factor that was within their control. The Commission had reasonable grounds to issue the civil penalties against H&M. Petitioners also protest the fines and characterize them as penalties related to the disagreement over which entrance to renovate. But the Decision and Order, while clearly not considering the renovation of the 18th Street Entrance to be a mitigating factor, did give reasonable grounds for their decision. The penalties, which had been issued in the original OATH hearing before the 18th Street Entrance was made accessible, were based on the awareness of accessibility problems since 2015 and the fact that Petitioners, as the building owners, had greater control than H&M over building accessibility renovations. The

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS        Page 7 of 8
ET AL
Motion No.  001**

[* 7]

7 of 8

penalty assessment that was upheld in the Decision and Order was not unreasonable. Accordingly, it is hereby

ADJDUGED that the petition is granted in part; and it is further

ADJDUGED that the cross-motion to enforce is granted in part in that the petitioners shall remit the monetary penalties not mor than 30 days following the date of this Order; and it is further

ORDERED that the Decision and Order by the New York City Commission on Human Rights dated April 20, 2025, is hereby modified in that to the extent it requires petitioners to complete construction of a ramp at the Corner Entrance, the Decision and Order is vacated and annulled; and it is further

ORDERED that petitioners are hereby directed to comply with the Decision and Order by the New York City Commission on Human Rights dated April 20, 2025, as indicated above, except to the extent it requires the construction of a ramp at the Corner Entrance.

20250808162528LFRANK236A5771B3E4E19AC2D7C6FD77ED631

| 8/8/2025 | | | |
|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156212/2025   BJW REALTY LLC ET AL vs. NEW YORK CITY COMMISSION ON HUMAN RIGHTS          Page 8 of 8
ET AL
Motion No.  001**

8 of 8

[* 8]